IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HERMAN DEAN,

    Plaintiff,

v.

CIVIL ACTION NO.: CV209-139

Lt. GARY JACKSON; BRANDON
REYNOLDS; TIA FLUELLEN; JOHN
SIKES; JENNIFER SUAREZ and
SONNY LUCAS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Herman Dean ("Plaintiff"), an inmate currently incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia, filed a Complaint, as amended, pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), contesting certain conditions of his confinement. Defendants filed a Motion to Dismiss. Plaintiff filed a Response, and Defendants filed a Reply. The undersigned converted Defendants' Motion into a Motion for Summary Judgment by Order dated October 19, 2010. In that same Order, the undersigned directed the parties to file any additional pleadings or evidence they wished the Court to consider. For the reasons which follow, Defendants' Motion should be **GRANTED**.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Jackson confiscated and destroyed his legal materials, which has prevented Plaintiff from being able to file a motion pursuant to 28 U.S.C. § 2255. Plaintiff also contends that Defendant Jackson conspired with Defendants Brandon Reynolds, Tia Fluellen, John Sikes, Jennifer Suarez, and Sonny Lucas to violate his constitutional rights.

Defendants[1] assert that they did not violate Plaintiff's constitutional rights in any manner, and Plaintiff's claims against them should be dismissed.

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require

---

[1] Defendants Reynolds and Lucas aver that they did not begin working at FCI Jesup until 2009, and thus, could not have been involved in the search of Plaintiff's cell. (Doc. No. 32-3, pp. 1-7). Defendants Fluellen, Sikes, and Suarez contend that they were assigned to different areas of the prison on the date in question and did not participate in this search. (Id. at pp. 8-13). Plaintiff states that Defendants Reynolds, Lucas, Fluellen, Sikes, and Suarez could not have participated in the search of his cell as he originally thought and seeks the dismissal of these Defendants from this cause of action. The portion of Defendants' Motion relating to these five (5) Defendants should be **GRANTED**, and Plaintiff's claims against Defendants Reynolds, Lucas, Fluellen, Sikes, and Suarez should be **DISMISSED**. Given the undersigned's recommended disposition of Plaintiff's claims against these Defendants, the remainder of this Report shall focus solely on Defendant Jackson.

AO 72A
(Rev. 8/82)

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Cell Search/Access to Courts**

Defendant Jackson admits that he participated in the search of Plaintiff's cell in October 2008. Defendant Jackson asserts that the purpose of the cell searches on this day was to remove "contraband and excessive items" from the cells. (Doc. No. 32-1, p. 6). However, Defendant Jackson alleges, he did not confiscate or destroy Plaintiff's (or any other inmate's) legal materials. Defendant also alleges that, even if he did confiscate or destroy Plaintiff's legal materials, Plaintiff cannot show that he suffered an actual injury such that he successfully can sustain his access to courts claim.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343 (1996). Stated another way, the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)). There is no issue of material fact when the non-moving party has failed to prove the existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415.

Defendant Jackson submitted a Declaration in support of his position that he did not confiscate or destroy legal materials from any cell. In contrast, Plaintiff presents

AO 72A
(Rev. 8/82)

nothing to the Court which indicates the existence of a genuine issue of material fact, despite his opportunities to do so. Plaintiff fails to show that Defendant Jackson's alleged improper actions caused an actual injury to his prosecution of a nonfrivolous action or in any other way denied Plaintiff access to the courts. For example, Plaintiff makes no properly-supported contention that Defendant Jackson's alleged actions caused him to miss one of the four triggering events for the statute of limitations applicable to 28 U.S.C. § 2255[2] or that he might be entitled to the equitable tolling of the applicable limitations period. Plaintiff also makes no substantiated claims that a nonfrivolous cause of action was dismissed based on a missed deadline which conceivably could be traced to Defendant Jackson's alleged actions. Defendant Jackson should be entitled to summary judgment on Plaintiff's access to the courts claim.

## II. Conspiracy

Defendant Jackson avers that, because the other named Defendants did not participate in the search of Plaintiff's cell, he could not have conspired with himself to violate Plaintiff's constitutional rights.

---

[2] The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A conspiracy "to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). "To establish a prima facie case of [a Bivens] conspiracy, a plaintiff must show, among other things, that [a] defendant[ ] '"reached an understanding to violate [his] rights."' Id. (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988)). A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, but must show some evidence of agreement between the defendants. Id. at 1283-84 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir.1990)). "For a conspiracy claim to survive a motion for summary judgment a mere scintilla of evidence will not suffice; there must be enough of a showing that the jury could reasonably find for [the non-moving] party." Id. at 1284 (internal citation and punctuation omitted).

The evidence before the Court indicates that Defendant Jackson did not act in conjunction with any other named Defendant at the time Plaintiff's cell was searched, and, accordingly, Plaintiff's conspiracy claim cannot stand. A liberal reading of Plaintiff's Complaint indicates his contention that Defendant Jackson conspired with other people, known and unknown, to obstruct the investigation of Defendant Jackson's alleged violation of his constitutional rights. However, Plaintiff has presented no evidence that Defendant Jackson violated his constitutional rights, nor has Plaintiff shown that Defendant Jackson conspired with any other individuals (who were or were not named as Defendants) to violate Plaintiff's constitutional rights. Plaintiff's bare assertion, without more, is insufficient to survive Defendant Jackson's motion. In other words, Plaintiff's allegations regarding his claim that Defendant Jackson conspired with other

AO 72A
(Rev. 8/82)

individuals to violate his rights do not rise to the level of "some evidence" to overcome Defendants' Motion for Summary Judgment. See Rowe, 279 F.3d at 1284. At best, Plaintiff has set forth conclusory, vague assertions in support of his conspiracy claim, which he cannot do. See Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) (noting that conclusory, vague, and general allegations of conspiracy are insufficient to maintain such a claim). Plaintiff has failed to establish the existence of a genuine issue of material fact that Defendant Jackson conspired with other individuals to violate his constitutional rights.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' converted Motion for Summary Judgment be **GRANTED** and Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)